UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOVE STEWART, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Plaintiff ) | CASE NO.1:10CV2686 |
| ) | |
| -vs- ) | |
| ) | |
| CUYAHOGA COUNTY CODE ) | MEMORANDUM OF OPINION AND |
| OF INSPECTORS, ) | ORDER |
| CITY OF CLEVELAND INSPECTORS, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Love Stewart, ("Stewart"), filed this action against the "Cuyahoga County Code Inspectors" and the "City of Cleveland Code Inspectors."  The Complaint asserts that Cleveland City Code Inspectors did not complete inspections on his investment properties, causing the properties to remain vacant.  Stewart seeks $106,900.00 in damages.

## BACKGROUND

Stewart was named as a *pro se* Plaintiff in a related matter, 1:10CV1187-KMO, captioned *Dodson,* ("Dodson")*, Stewart* v *Cuyahoga County Inspectors* filed May 27, 2010.  The Complaint was only signed by Dodson, leaving the Court to address the claims asserted by Dodson.[1]

Dodson claims that he owns two properties in the City of Cleveland and because the Cleveland Housing Inspector inspected the Raymond Avenue property but did not fax the inspection report to the Illuminating Company, the utilities were not activated. Secondly, Dodson claims that the recent corruption charges against the former Cuyahoga County Auditor and members of his staff resulted in the cessation of inspections, causing Dodson a loss in the value of renovations to his properties, the cost of labor, and the loss of investment income from the properties.  Dodson sought

---

[1] A litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v Thomas*, No. 87-6260, 1988 WL54071 (6th Cir. May 26, 1988). The Complaint was only signed by Dodson, not Stewart.

$106,900.00 in damages.

Judge O'Malley's Memorandum of Opinion and Order[2] concluded Dodson failed to identify a legal theory upon which he seeks to base this action. Dodson indicates on the Civil Cover Sheet that this Court has federal question jurisdiction and the nature of suit as "other civil rights." Judge O'Malley found that, based on this statement, Mr. Dodson intended to file an action under 42 U.S.C. § 1983.

To establish a *prima facie* case under 42 U.S.C. § 1983, a Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v Taylor*, 451 U.S. 527, 535 (1981). Summarily, Judge O'Malley found that Dodson failed to assert an intended cause of action under 42 U.S.C. § 1983 and the action was dismissed on November 2, 2010 pursuant to 28 U.S.C. § 1915(e).

Stewart filed this action three weeks after the entry of the Memorandum of Opinion and Order and Judgment entry in Dodson. The Civil Cover sheet indicates that the Government is the Plaintiff and the nature of suit is "all other real property." Stewart claims to own the same properties as Dodson. Stewart also claims that the recent corruption charges against the former Cuyahoga County Auditor and members of his staff resulted in the cessation of inspections causing him a loss in the value of renovations to his properties, the cost of labor, and the loss of investment income from the properties. Stewart seeks $106,900.00 in damages.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v Kerner*, 404 U.. 519, 520 (1972), the District Court is required to dismiss an *informa pauperis* action under 18 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law of fact. *Neitzke v Williams*, 490 U.S. 319 (189); *Lawler v Marshall*, 898 F.2d 1196 (6th Cir.1990); *Sistrunk v City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## CONCLUSION

Stewart fails to state a claim upon which relief can be granted. Stewart's Complaint is the same Complaint filed in the related matter. Stewart's application to proceed **in forma pauperis** is granted.

Therefore, the Court adopts the Memorandum Opinion and Order issued in 1:10CV1187 - KMO as if fully written and dismisses this action pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[2] ECF Case No. 1:10CV1187, Dkt. No. 4

IT IS SO ORDERED.

                                                                                     s/Christopher A. Boyko  
                                                                                     Christopher A. Boyko  
                                                                                     U.S. District Court Judge

January 11, 2011

Case: 1:10-cv-02686-CAB Doc #: 3 Filed: 01/11/11 4 of 4. PageID #: 11